

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

March 9, 1964

Hon. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. C-224

Re: Incentive aid payments to
resulting consolidated in-
dependent school districts
under Article 2815-4 of
Vernon's Civil Statutes and
related questions.

Dear Dr. Edgar:

We are in receipt of your request for opinion wherein
you ask several questions concerning the incentive aid payments
to be given independent school districts created through con-
solidation. The original statute was codified as Article 2815-3
of Vernon's Civil Statutes; however, Article 2815-4, a 1963 en-
actment, is the most recent and will be cited herein as the
incentive aid payment statute. Article 2815-4 represents a re-
enactment of Article 2815-3 except for the change in Section 1B
to reduce the average daily attendance requirement from one thou-
sand to seven hundred and fifty. We shall proceed to answer your
questions in order of their submission.

## Situation I

"Recently a County School Board (Orange) has
annexed a common school district (Bancroft) to an
adjoining independent school district (West Orange)
under Article 2922a. The resulting enlarged dis-
trict (West Orange) is an independent school dis-
trict (Art. 2922b) has in excess of 1000 scholastics
in A.D.A. and has made timely application for incen-
tive aid payments.

"The independent school district before the an-
nexation was a budget excess district by some $67,-
000. This means it was not eligible for nor will it
receive Foundation Program payments in the 1963-64
school year. The independent school district as en-
larged by the annexation will still be a budget ex-
cess school district by approximately $36,800 when
the costs of the Foundation Programs in the two dis-
tricts existing prior to the annexation are combined
and compared with total Foundation Program receipts
(local fund assignments and State per capita payments)
of the two districts.

-1088-

"The former common school district is a Foundation Program district.  According to its Fund Application for Foundation Program funds, it is eligible for $30,400 in this 1963-64 year.  This eligibility for $30,400 will be paid within 1963-64.  Any incentive aid payments to the resulting independent school district, if any, would begin in 1964-65 and continue ordinarily for nine consecutive years.

"As heretofore pointed out, the resulting enlarged independent school district will not be eligible for Foundation Program Assistance (see Section 1, Par. A) in 1964-65.  Further, it has applied for annual incentive aid payments and expects same on the grounds that the difference between the sum which the new district would realize from Foundation Program funds (a zero amount) and the sums of the Foundation Program funds which would have been paid to the districts in 1964-65 had there been no annexation (a rough guess $30,000 plus) is the latter figure.

"Query:  May incentive aid payments be legally made by this Agency to a resulting independent school district that is budget excess or budget balance; that is, where not eligible for Foundation Program funds as enlarged by annexation or consolidation?"

Section 1.A of Article 2815-4 states as follows:

"A.  The amount of Incentive Aid Payments shall not exceed the difference between the sum of the Foundation Program Payments which would have been paid to the several districts included in the newly organized district had there been no consolidation, and the amount of Foundation Program Assistance for which the new district qualifies."  (Emphasis added).

The grant of incentive aid payments made pursuant to Article 2815-4 is premised on the fact that the resulting consolidated district qualifies for Foundation Program Payments under Articles 2922-11, et seq.  If the new consolidated district is "budget excess" or "budget balance," or during the term it becomes "budget excess" or "budget balance" then it receives no Foundation Program Payments and may not receive any incentive aid payments.  Your first question is therefore answered in the negative.

## Situation II

"A common school district (Kempner) operates a school in its district for 1962-63; thus it has never become dormant. It does not operate a school for 1963-64; it transferred all its scholastics for 1963-64 to an adjoining independent school district (Lampasas). By an election held under Article 2806, the common district was consolidated to said independent school district in January, 1964. Thus, the common school district did not operate itself a school for 1963-64--all scholastics being transferred out.

"The resulting independent school district (which is not a budget excess district) has applied for incentive aid payments as may accrue as a result of the consolidation of the districts.

"Query: (a) Where a school district was not operating a school in 1963-64 and therefore was not receiving Foundation Program funds at the time of its consolidation with an independent school district, is the resulting consolidated district eligible for incentive aid payments under Article 2815-3?

"(b) If (a) is answered in the affirmative: Should the incentive aid payments be based on the Foundation Program status of the districts for 1963-64 and computed as though the common school district was operating a school prior to January, 1964; or be based on the Foundation Program status of the two districts for 1962-63 when both operated Foundation Program Aid schools?

"In this second situation we are inclined to the opinion that an incentive aid payment is legally warranted, but we would appreciate assistance as to what year should be used for its computation."

In answer to your Question (a) we advise you that the resulting school district is eligible for incentive aid payments. Even though the consolidated district must qualify for Foundation Program Payments under the answer given in Situation I, all of the districts need not have necessarily received payments prior to consolidation. This question is therefore answered in the affirmative.

Article 2815-4 does not cover the situation wherein one of the districts, now consolidated with another, was not an operating district the year immediately preceding consolidation. We interpret Section 1.A to mean that the year immediately preceding consolidation is the one to which the Texas Education Agency should look in ascertaining the Foundation Program Payments made to a former school district. It follows that in your Situation II, although the common school district was not operating the year preceding consolidation (1963), this is the year that governs the Foundation Program status.

### Situation III

"There is at least one county where developments are contemplated and initiated to annex and/or consolidate adjoining districts, as time and circumstances permit, thereby to reduce the several districts in the county to one or two large financially strong districts.

"Query: Where two or more districts have been consolidated or annexed to become a resulting independent school district which has been determined eligible for certain incentive aid payments, then later in the same year or in a subsequent year a second consolidation is perfected involving the originally enlarged district, would legally there be an obligation to meet two separate series of Incentive Aid payments as a result of the two consolidations?

"Stated another way and assuming an annual (10 years) incentive aid payments of $10,000 has been determined for the independent school district resulting from the first consolidation, and an annual incentive aid payment of $5,000 has been determined for the independent school district resulting from the second consolidation, would the last resulting independent school district legally be entitled to receive annually two incentive aid payments until the ten years in each case expires?"

Section 1 of Article 2815-4 provides as follows:

"Section 1. From the effective date of this Act independent school districts hereafter created through consolidation may qualify for Incentive Aid Payments by the State of Texas; provided, however, no school district may receive such payments for a period of more than ten (10) years. Such Incentive Aid Payments shall

be made only upon application to the Texas Education Agency and in compliance with the terms and conditions contained in this Act." (Emphasis added).

This section provides that no school district may receive such payments for a period of more than ten years. At the time a district is consolidated the Texas Education Agency should determine the incentive aid payments to which that particular district may be entitled by virtue of the provisions of Article 2815-4. If at a subsequent time that district partipates in a consolidation with another district, the independent school district before consolidation ceases to exist. Since incentive aid payments cannot be made to a non-existent school district, you are advised that the Texas Education Agency should ascertain the incentive aid payments to which the resulting independent school district may be entitled. Under this reasoning any independent school district may be entitled to only one series of incentive aid payments, the period not to exceed ten years from the date of the last consolidation. The question posed in Situation III is therefore answered in the negative.

## SUMMARY

Under Article 2815-4 of Vernon's Civil Statutes incentive aid payments may not be made by the Texas Education Agency to a resulting independent school district that is budget excess or budget balance, as the district is ineligible for Foundation Program Payments.

Where a resulting independent school district is comprised in part of a former school district not receiving Foundation Program Payments at the time of consolidation, the resulting school district may still receive incentive aid payments. These payments should be based on the Foundation Program status of the respective districts participating in the consolidation for the year immediately preceding consolidation.

A resulting independent school district may be entitled to only one series of incentive aid payments,

the period not to exceed ten years from the date of the last consolidation.

Yours very truly,

WAGGONER CARR
Attorney General

By Fred D. Ward
    Fred D. Ward
    Assistant Attorney General

FDW:wb

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Ivan Williams
Jerry Brock
Paul Phy

APPROVED FOR THE ATTORNEY GENERAL

BY:  Howard W. Mays